CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAR 31  A 11: 44

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NEWARK VICINAGE

**DANIEL ORTIZ, JR.,**

     Plaintiff,

v.

                              Civil Action No: _____

**POPULAR BANK,**

     Defendant.

# COMPLAINT

## I. INTRODUCTION

1. This action arises from Defendant's refusal to honor a valid Power of Attorney presented by Plaintiff on behalf of a disabled individual.

2. Defendant imposed policies requiring the physical presence of the disabled Principal or additional documentation beyond that required by law, thereby denying access to financial services.

3. Plaintiff presented a valid Power of Attorney and documentation confirming the Principal's disability, yet Defendant refused to provide access and rejected the submitted materials.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

DANIEL ORTIZ, JR.,

Plaintiff,

v.                                                    Civil Action No.: _____

POPULAR BANK,

Defendant.

## SUMMONS IN A CIVIL ACTION

To:    POPULAR BANK
       500 Bloomfield Avenue
       Newark, NJ 07107

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.


Date: _____

CLERK OF COURT


By: _____

    Deputy Clerk


Plaintiff's name and address:
Daniel Ortiz, Jr.
26 Garden Ave
Belleville, NJ 07109
Phone: 646-418-2003
Email: ortizjr.daniel@gmail.com

4.  Defendant's conduct denied the disabled Principal meaningful access to financial services and imposed barriers that defeat the purpose of a Power of Attorney.

5.  Defendant's refusal is ongoing and reflects a rigid policy that fails to accommodate individuals with disabilities.

6.  As a result of Defendant's actions, Plaintiff was unable to obtain time-sensitive financial documentation required in connection with a Medicaid application and incurred significant financial consequences.

7.  Defendant's conduct constitutes discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## II. JURISDICTION

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## III. VENUE

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business in New Jersey and the events giving rise to this action occurred within this District.

## IV. PARTIES

10. Plaintiff, Daniel Ortiz, Jr., resides at 26 Garden Ave, Belleville, New Jersey 07109, and is the duly authorized agent under a valid Power of Attorney.

11. The Principal, Dalila Ortiz, is Plaintiff's mother and is a disabled individual residing in Connecticut who is unable to appear in person due to her medical condition.

12. Defendant, Popular Bank, is a financial institution located at 500 Bloomfield Avenue, Newark, New Jersey 07107, and operates as a place of public accommodation within the meaning of the ADA.

# V. FACTUAL ALLEGATIONS

13. On or about March 21, 2026, Plaintiff received correspondence from the State of Connecticut, Department of Social Services requesting submission of financial documentation in connection with a Medicaid application.

14. The correspondence required that such documentation be provided no later than March 27, 2026.

15. On Tuesday, March 24, 2026, Plaintiff visited Defendant's branch located at 500 Bloomfield Avenue, Newark, New Jersey to request a printout reflecting the current balance of the Principal's account.

16. Plaintiff presented a valid Power of Attorney and identified himself as both the son and authorized agent of the Principal.

17. Plaintiff further informed Defendant that he is listed on the account as a beneficiary, including as a Transfer-on-Death (TOD) beneficiary.

18. The Power of Attorney presented by Plaintiff was valid and executed in accordance with applicable law and conferred legal authority upon Plaintiff to act on behalf of the Principal.

19. Defendant, through its employee, refused to honor the Power of Attorney and informed Plaintiff that the bank's policy required the Principal to be physically present for the Power of Attorney to be accepted.

20. Plaintiff explained that the Principal is disabled and unable to be present, and that requiring her physical presence defeats the purpose of a Power of Attorney.

21. Defendant maintained its refusal and advised that the only alternative would be the submission of a letter from a physician confirming the Principal's disability and inability to appear in person.

22. On Saturday, March 28, 2026, Plaintiff personally hand-delivered a letter from social worker Janet Moran, on VITAS Healthcare letterhead, confirming the Principal's disability and placement in a hospice facility.

23. The same letter was also transmitted to Defendant via email.

24. Defendant responded and rejected the submitted documentation, stating that the letter was insufficient because it did not contain an official seal from VITAS Healthcare.

25. Defendant's stated requirements imposed additional conditions not required for the validity or use of a Power of Attorney.

26. At no time did Defendant assert any suspicion of fraud or misuse of authority by Plaintiff.

27. Defendant failed to offer any reasonable alternative accommodation or method of verification.

28. As a result of Defendant's refusal, Plaintiff was unable to obtain the requested financial documentation within the timeframe required by the Connecticut Department of Social Services.

29. Plaintiff subsequently incurred substantial financial harm, including receipt of a medical bill in the amount of approximately $22,000 for care provided to the Principal.

30. Defendant's conduct has denied the disabled Principal meaningful access to financial services.

31. Defendant's refusal is ongoing and continues to impose barriers to access.

32. Defendant's refusal, including its rejection of documentation confirming the Principal's disability, demonstrates a rigid and inflexible policy that fails to accommodate individuals with disabilities who rely on lawful Power of Attorney instruments.

# VI. EXHIBITS

33. Plaintiff attaches the following exhibits in support of this Complaint:

- Exhibit A: Power of Attorney

- Exhibit B: Email correspondence with Defendant

- Exhibit C: Letter from State of Connecticut, Department of Social Services dated March 21, 2026

- Exhibit D: Medical bill in the approximate amount of $22,000

34. The exhibits are incorporated herein by reference.

# VII. COUNT I — VIOLATION OF THE ADA (42 U.S.C. § 12182)

35. Defendant is a place of public accommodation within the meaning of 42 U.S.C. § 12181.

36. Defendant imposed eligibility criteria that screen out individuals with disabilities.

37. Defendant failed to make reasonable modifications in policies, practices, or procedures.

38. Defendant's refusal to honor a valid Power of Attorney constitutes discrimination under 42 U.S.C. § 12182.

39. Defendant's conduct denies disabled individuals meaningful access to financial services.

40. Defendant's actions constitute an ongoing violation of federal law.

# VIII. INJURY AND HARM

41. Plaintiff and the disabled Principal have suffered harm as a result of Defendant's conduct.

42. Such harm includes denial of access to financial services and barriers to financial management.

43. The harm is ongoing and will continue unless Defendant's conduct is enjoined.

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendant's conduct violates the Americans with Disabilities Act;

b. Issue injunctive relief requiring Defendant to modify its policies and honor valid Powers of Attorney;

c. Award costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205;

d. Grant such other relief as the Court deems just and proper.

# X. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

# SIGNATURE

Respectfully submitted,

Daniel Ortiz, Jr.
26 Garden Ave
Belleville, NJ 07109
646-418-2003
Ortizjr.daniel@gmail.com

Pro Se Plaintiff